IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS NICHOLS,
No. N61355,

        Petitioner,

vs.                                                                         CIVIL NO. 15-CV-00633-DRH

STATE OF ILLINOIS, and
DIRECTOR IDOC,

        Respondents.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Demetirus Nichols, an inmate in the custody of the Illinois Department of Corrections and currently housed at Menard Correctional Center, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to the petition, Nichols is serving a 17-year sentence after being convicted in Cook County, Illinois, in 2004 for first degree murder, aggravated battery and aggravated unlawful restraint. *See People v. Nichols*, No. 1-04-0516, 2008 WL 681-29 (Ill. App. 1st Dist. 2006).[1]

The petition is a bit jumbled, but it is clear that Nichols contends: (1) he was convicted based on improper evidence, including perjured and false testimony; and (2) he had ineffective assistance of counsel. He asserts that he has

---

[1] The petition references a variety of "case numbers." The Cook County circuit court case number *may* have been 00-CR-6335, but IDOC records indicate Nichols is only serving time on 2002 convictions. The mittimus number referenced in the petition, 02C66187601, corresponds with the 2002 convictions. *See* https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx. *Also*, the appellate case number referenced in the petition corresponds with the aforementioned convictions.

been denied due process in violation of the Fourteenth Amendment. He further asserts that he has been subjected to cruel and unusual punishment, i.e., unjust imprisonment, and medical injuries incurred while in prison.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The petition is problematic in several respects, regardless of the merits of Nichols arguments for overturning his conviction.

First, neither the State of Illinois nor the Director of the Illinois Department of Corrections is a proper respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts dictates that the person having custody of the petitioner is the proper respondent—meaning the warden of Menard. For that reasons alone the petition must be dismissed without prejudice.

Second, not all of the grounds asserted are proper fodder for a habeas petition. A habeas petitioner is entitled to a writ of habeas corpus under Section 2254 if the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Avila v. Richardson,* 751 F.3d 534, 536 (7th Cir. 2014) (citing *Williams v. Taylor,* 529 U.S. 362, 404–

05 (2000)). Thus, Nichols' constitutional claims relative to his trial and conviction are proper grounds for a Section 2254 petition. However, any constitutional claims regarding events while in prison—such as Nichols' apparent Eighth Amendment medical care claim—must be brought in a separate action under 42 U.S.C. § 1983.

A third problem with Nichols' petition is not as easily solved. A person convicted in state court is generally limited to filing only one petition for writ of habeas corpus in federal court. *Nichols v. Hulick*, No. 07-cv-03498, 2008 WL 681029 (N.D. Ill. 2008), was Nichols' first Section 2254 petition.

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). However, a second or successive petition asserting certain types of claims that have *not* been previously presented may be viable.

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

In his first Section 2254 petition, Nichols argued that: (1) his conviction was based on perjured/false testimony;[2] and (2) sentencing him to concurrent sentences for first degree murder and aggravated unlawful restraint without sufficient evidence that the victim's injuries were serious or life-threatening denied him due process. *See* 07-cv-03498, Docs. 10, 38. The petition was denied.

The claim that perjured/false testimony[3] was used was deemed exhausted in the state system, but procedurally defaulted, in that it had not been raised on direct appeal, and no cause or prejudice for that omission had been established. The due process argument failed as a matter of state and federal law. That decision was not appealed. Thus, Nichols' present argument regarding the false evidence used for conviction is not new, but he did not raise ineffective assistance of counsel in his previous petition. The petition does not appear to touch upon any of the Section 2244(b)(2) preconditions.

Regardless of whether Nichols can qualify under Section 2244(b)(2), *before* filing a second or successive petition asserting a Section 2244(b) claim, a petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court is without jurisdiction to entertain a second or successive petition

---

[2] The same key piece of testimony and or evidence is the focus of both the past and present petitions: a statement by Ebony Foster asserting that Nichols committed domestic abuse.

[3] The district court observed that Foster's affidavit was at issue, not any trial testimony, so the issue should be characterized as false evidence, not perjured testimony. That is also true relative to the present petition.

that has been filed without the authorization of the court of appeals. *Burton v. Stewart,* 549 U.S. 147, 157 (2007); *Lambert v. Davis,* 449 F.3d 774, 777 (7th Cir. 2006). Nichols' present petition was filed without the required authorization and must be dismissed for lack of jurisdiction. Dismissal shall be without prejudice to a future, properly authorized, successive petition.

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition (Doc. 1) is **DISMISSED** for want of jurisdiction. Dismissal is without prejudice to bringing a properly authorized successive petition, naming the proper respondent.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Both components must be established for a COA to issue.

Here, it is clear that this Court is without jurisdiction to entertain Nichols' petition because it is a second or successive petition filed without the authorization of the Court of Appeals. No reasonable jurist would find the issue debatable. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATE: July 6, 2015**

Digitally signed by
David R. Herndon
Date: 2015.07.06
14:07:30 -05'00'

**United States District Judge**